**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MERRILL LYNCH, PIERCE,
FENNER AND SMITH, INCORPORATED,
a corporation organized and
existing under the laws of the
State of Delaware with its
principal place of business in New
York, New York,

*Plaintiff-Appellee,*

v.

ENC CORPORATION; SUNTRUST
INVESTMENT CO., S.A., a
corporation organized and existing
under the laws of Switzerland with
an address at rue de Jargonnant 2,
P.O. Box 76, 1211 Geneva 6,
Switzerland; JOHN K. BURNS, a
citizen of the United States, with
an address at 300 Wacker Drive,
Suite, 900, Chicago, Illinois,
60606; THE ESTATE OF FERDINAND
E. MARCOS; IMELDA R. MARCOS;
FERDINAND R. MARCOS, JR.; MARIA
IMELDA MARCOS; IRENE MARCOS
ARANETA; FRONTIER RISK CAPITAL
MANAGEMENT, L.C.C., a limited
liability company organized and
existing under the laws of the
States of Nevada, with a registered
office at 6100 Neil Road, Suite

No. 04-16401

D.C. No.
CV-00-00595-MLR

11077

500, Reno, NV. 89511 and an
address at 300 Wacker Drive,
Suite 900, Chicago, IL 60606;
GROSVENOR CAPITAL LTD., a
company organized and existing
under the law of the United
Kingdom, with an address at
Grosvenor Gardens House, Suite
117, 35-37 Grosvenor Gardens,
London SW1 W OBS, United
Kingdom; THE ESTATE OF ROGER
ROXAS; GOLDEN BUDHA
CORPORATION, a corporation
organized and existing under the
laws of the State of Georgia, with
a registered office at 710 West
First Street, Blue Ridge, Georgia
30513, and a mailing address at
260 Carrollton St., Buchanan, GA
30113,

*Defendants,*

and

ARELMA, INC., a corporation
organized and existing under the
laws of Panama with a permanent
address at Ave. Justo Alosemena y
Calle 41 Este, No. 40-59 Pte al
Colegio Immeculada, Panama
1.Rep.de Panama, and a mailing
address at c/o Suntrust Investment

Co.S.A., rue de Jargonnant 2, P.O.
Box 76, 1211 Geneva 6,
Switzerland,
> *Defendant-Appellant,*

MARIANO J. PIMENTEL, on behalf of
himself and all other persons
similarly situated,
> *Defendant-Appellee,*

PHILIPPINE NATIONAL BANK,
> *Defendant-Appellant.*

MERRILL LYNCH, PIERCE,
FENNER AND SMITH, INCORPORATED,
a corporation organized and
existing under the laws of the
State of Delaware with its
principal place of business in New
York, New York,
> *Plaintiff-Appellee,*

v.

ENC CORPORATION; ARELMA, INC.,
a corporation organized and
existing under the laws of Panama
with a permanent address at Ave.
Justo Alosemena y Calle 41 Este,
No. 40-59 Pte al Colegio
Immeculada, Panama 1.Rep.de
Panama, and a mailing address at
c/o Suntrust Investment Co.S.A.,

No. 04-16503
D.C. No.
CV-00-00595-MLR

rue de Jargonnant 2, P.O. Box 76,
1211 Geneva 6, Switzerland;
SUNTRUST INVESTMENT CO., S.A., a
corporation organized and existing
under the laws of Switzerland with
an address at rue de Jargonnant 2,
P.O. Box 76, 1211 Geneva 6,
Switzerland; JOHN K. BURNS, a
citizen of the United States, with
an address at 300 Wacker Drive,
Suite, 900, Chicago, Illinois,
60606; THE ESTATE OF FERDINAND
E. MARCOS; IMELDA R. MARCOS;
FERDINAND R. MARCOS, JR.; MARIA
IMELDA MARCOS; IRENE MARCOS
ARANETA; FRONTIER RISK CAPITAL
MANAGEMENT, L.C.C., a limited
liability company organized and
existing under the laws of the
States of Nevada, with a registered
office at 6100 Neil Road, Suite
500, Reno, NV. 89511 and an
address at 300 Wacker Drive,
Suite 900, Chicago, IL 60606;
GROSVENOR CAPITAL LTD., a
company organized and existing
under the law of the United
Kingdom, with an address at
Grosvenor Gardens House, Suite
117, 35-37 Grosvenor Gardens,
London SW1 W OBS, United
Kingdom; THE ESTATE OF ROGER

MERRILL LYNCH v. ARELMA, INC.            11081

ROXAS; GOLDEN BUDHA
CORPORATION, a corporation
organized and existing under the
laws of the State of Georgia, with
a registered office at 710 West
First Street, Blue Ridge, Georgia
30513, and a mailing address at
260 Carrollton St., Buchanan, GA
30113; PHILIPPINE NATIONAL BANK,
                         *Defendants,*

        and

MARIANO J. PIMENTEL, on behalf of
himself and all other persons
similarly situated,
                 *Defendant-Appellee,*

REPUBLIC OF THE PHILIPPINES;
PRESIDENTIAL COMMISSION ON GOOD
GOVERNMENT, a government
agency of the Republic of the
Philippines,
            *Defendants-Appellants.*

MERRILL LYNCH, PIERCE,
FENNER AND SMITH, INCORPORATED,
a corporation organized and
existing under the laws of the
State of Delaware with its
principal place of business in New
York, New York,

　　　　　　　　*Plaintiff-Appellee,*

　　　v.

ENC CORPORATION; ARELMA, INC.,
a corporation organized and
existing under the laws of Panama
with a permanent address at Ave.
Justo Alosemena y Calle 41 Este,
No. 40-59 Pte al Colegio
Immeculada, Panama 1.Rep.de
Panama, and a mailing address at
c/o Suntrust Investment Co.S.A.,
rue de Jargonnant 2, P.O. Box 76,
1211 Geneva 6, Switzerland;
SUNTRUST INVESTMENT CO., S.A., a
corporation organized and existing
under the laws of Switzerland with
an address at rue de Jargonnant 2,
P.O. Box 76, 1211 Geneva 6,
Switzerland; JOHN K. BURNS, a
citizen of the United States, with
an address at 300 Wacker Drive,
Suite, 900, Chicago, Illinois,
60606; THE ESTATE OF FERDINAND
E. MARCOS; IMELDA R. MARCOS;
FERDINAN R. MARCOS, JR.; MARIA
IMELDA MARCOS; IRENE MARCOS

No. 04-16538
D.C. No.
CV-00-00595-MLR
OPINION

Araneta; Frontier Risk Capital
Management, L.C.C., a limited
liability company organized and
existing under the laws of the
States of Nevada, with a registered
office at 6100 Neil Road, Suite
500, Reno, NV. 89511 and an
address at 300 Wacker Drive,
Suite 900, Chicago, IL 60606;
Grosvenor Capital Ltd., a
company organized and existing
under the law of the United
Kingdom, with an address at
Grosvenor Gardens House, Suite
117, 35-37 Grosvenor Gardens,
London SW1 W OBS, United
Kingdom; Philippine National
Bank; Republic of the Philippines;
Presidential Commission on Good
Government, a government
agency of the Republic of the
Philippines,

                              *Defendants,*

              and

The Estate of Roger Roxas;
Golden Budha Corporation, a
corporation organized and existing
under the laws of the State of
Georgia, with a registered office at
710 West First Street, Blue Ridge,

11084          MERRILL LYNCH V. ARELMA, INC.

Georgia 30513, and a mailing
address at 260 Carrollton St.,
Buchanan, GA 30113,
              *Defendants-Appellants,*

MARIANO J. PIMENTEL, on behalf of
himself and all other persons
similarly situated,
              *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Hawaii
Manuel L. Real, District Judge, Presiding

Argued and Submitted
March 14, 2005—San Francisco, California

Filed September 12, 2006

Before: John T. Noonan, Sidney R. Thomas, Circuit Judges,
and James L. Robart,* District Judge.

Opinion by Judge Noonan

---

*The Honorable James L. Robart, United States District Judge for the
Western District of Washington, sitting by designation.

## SUMMARY

**Civil Litigation and Procedure/Parties — Interpleader**

The court of appeals affirmed a judgment of the district court. The court held that the Republic of the Philippines was not an indispensable party under Federal Rule of Civil Procedure 19(b) in an interpleader action concerning the assets of a bank account established by a former president of the Republic.

Appellee Merrill, Lynch, Pierce, Fenner and Smith, Inc., the custodian of the assets of appellant Arelma, S.A. (Arelma), began an interpleader action in district court in Hawaii in 2000. The Merrill Lynch account was found by the district court to have been established in 1972 by a deposit of $2 million by Ferdinand E. Marcos, then the president of appellant the Republic of the Philippines. The shares of Arelma, a Panamanian "shell" corporation, were held in escrow by appellant the Philippine National Bank, pending an ownership determination by the Philippine courts. The Republic was made a defendant in the interpleader and successfully asserted its sovereign immunity. On appeal in 2002, the court of appeals ruled that the Republic was a necessary party but declined to rule that the Republic was indispensable; the court of appeals stayed the action. The district court dissolved the stay and awarded all the Arelma assets to a class of human rights victims—represented by appellee Mariano Pimentel—who brought suit against Marcos after his fall from power and in 1996 won a judgment against his estate of nearly $2 billion.

The Republic appealed, maintaining that it was an indispensable party inasmuch as the Republic asserted that the Arelma assets were acquired by Marcos illegally and never lawfully belonged to him but from the beginning of his acquisition belonged to the Republic.

[1] The first section of Rule 19 speaks of persons needed for just adjudication. The Republic fell within this section because the Republic claimed an interest relating to the subject of the action and was so situated that the disposition of the action in its absence might as a practical matter impair or impede its ability to protect that interest. Whenever joinder is not feasible, a court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. [2] The court of appeals' determination in 2002 that the Republic was a necessary party appeared to mean that for a just disposition of the assets it was necessary that the Republic participate. Only if equity and good conscience require it is a necessary party also indispensable.

[3] The general rule is that a sovereign need not forfeit its immunity to protect its assertion of indispensability. In the usual case of interpleader, the sovereign is immune and indispensable and so can cause dismissal of the action. When the sovereign is a foreign state, prejudice to it is a powerful consideration. However, under the guidance of equity and good conscience, it is not the sole consideration. [4] The Republic's right in the United States to reclaim the spoils of office from Marcos has been unquestioned since 1988. As an equitable consideration, the Republic's failure to secure a judgment affecting the assets was a factor to be taken into account. [5] To protect a party as indispensable, Rule 19 requires an interest that will be impaired by the litigation as a practical matter. As a practical matter, it was doubtful that the Republic had any likelihood of recovering the Arelma assets. The res was in the United States. It could not be finally disposed of except by the judgment of a court in the United States. [6] The presence in this action of victims of the former president of the Republic also had to be noted. The symbolic significance of some tangible recovery is not to be disregarded, and if the recovery is distributed pro rata among the individuals, it would have monetary meaning for the poor among them. [7]

In terms of the factors set out by Rule 19(b) as included among those "to be considered," the Republic would not be prejudiced because it had no practical likelihood of obtaining the Arelma assets and so there was no need of lessening prejudice to it; judgment rendered in its absence would be adequate. **[8]** Neither Arelma itself nor the Philippine National Bank had an interest to be protected. Merrill Lynch risked being sued again, but it indicated no dissatisfaction with the judgment. The judgment of the district court had to be affirmed.

## COUNSEL

Stephen V. Bomse, San Francisco, California, for the Republic of the Philippines.

Jay R. Ziegler, Los Angeles, California, for Arelma, Inc. and Philippine National Bank.

Daniel C. Cathcart, Los Angeles, California, for defendants-appellants Golden Budha Corp. and Estate of Roxas.

Robert A. Swift, Philadelphia, Pennsylvania, for defendant-appellee Mariano J. Pimentel.

## OPINION

NOONAN, Circuit Judge:

In this interpleader action, appeal is made by the several parties dissatisfied with the decision of the district court awarding the funds in dispute to the Class of Human Rights Victims represented by Mariano Pimentel (Pimentel). We hold that the Republic of the Philippines and the Presidential Commission on Good Government (the PCGG) (collectively,

the Republic) are not indispensable parties under Federal Rule of Civil Procedure 19(b). We affirm the judgment of the district court.

## PARTIES AND PROCEEDINGS

Interpleader was begun on September 21, 2000, by Merrill, Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch), the custodian of the assets of Arelma, S.A. (Arelma), now amounting to approximately $35 million. The Merrill Lynch account was found by the district court to have been established in 1972 by a deposit of $2 million by Ferdinand E. Marcos, then the president of the Republic. The shares of Arelma, a Panamanian corporation, are now held in escrow by the Philippine National Bank, pending an ownership determination by the Philippine courts.

The Republic was made a defendant in the interpleader and successfully asserted its sovereign immunity. *In re Republic of the Philippines*, 309 F.3d 1143, 1149-52 (9th Cir. 2002). The Republic now maintains that it is an indispensable party inasmuch as the Republic asserts that the Arelma assets were acquired by Marcos illegally and never lawfully belonged to him but from the beginning of his acquisition belonged to the Republic. *See An Act Declaring Forfeiture in Favor of the State of Any Property Found to Have Been Unlawfully Acquired by Any Public Officer or Employee and Providing for the Proceeding Therefor, Republic Act No. 1379 (1955)* (Forfeiture Act). In the 2002 appeal here, we ruled that the Republic was a necessary party but declined to rule that the Republic was indispensable. We stayed the action. *Republic of the Philippines*, 309 F.3d at 1153.

Pimentel is the representative of 9,539 persons who brought suit against Marcos after his fall from power and in 1996 won a judgment against his estate of nearly $2 billion. *In re Estate of Ferdinand E. Marcos Human Rights Litigation*, 103 F.3d 767 (9th Cir. 1996). This class, composed of

victims of a rough and rapacious ruler, who often exercised arbitrary power, is a group whose sufferings naturally evoke sympathy. The district court dissolved the stay and awarded all the Arelma assets to them.

Arelma, that is the corporation itself, and the Philippine National Bank, the escrow holder of its stock, have filed a single brief contending that Arelma is an indispensable party and that the district court lacked jurisdiction over Arelma.

The Estate of Roger Roxas and the Golden Budha (sic) Corporation have similar interests. The Yamashita Treasure was discovered by Roxas and stolen from Roxas by Marcos's men. Roxas was tortured and imprisoned, giving rise to human rights claims valued at $6 million. Roxas formed a corporation to which he assigned his rights in the treasure; the corporation, for reasons connected with the warrants issued to Roxas, carries a misspelled name. The Estate of Roger Roxas and the corporation (collectively Roxas) won an initial judgment against Imelda Marcos and the Estate of Ferdinand Marcos. *Roxas v. Marcos*, 969 P.2d 1209 (Haw. 1998). The Hawai'i Supreme Court has allowed Roxas' judgment against Imelda Marcos to stand, while holding that the Estate of Ferdinand Marcos could not be bound by that judgment. *Id.* at 1244. Roxas claims the Arelma assets both as a creditor of Marcos and on the basis that the $2 million used by Marcos to set up the Merrill Lynch account were most probably derived from the Yamashita Treasure and can be traced to the property stolen from Roxas.

Other parties named in the caption of the case have not pursued the appeal.

## ANALYSIS

[1] The case is governed by Federal Rule of Civil Procedure 19. The first section of the rule speaks of "persons

needed for just adjudication." The Republic falls within this section because, as the rule puts the matter, the Republic

> claims an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may (i) as a practical matter impair or impede [its] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [its] claimed interest.

Fed. R. Civ. P. 19(a). Such a party should be joined to the action.

The rule goes on to prescribe what a court should do "whenever joinder is not feasible." In such a case,

> the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed R. Civ. P. 19(b). Indispensability "can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968). In determining indispensability, we apply the

criteria supplied by Rule 19(b) itself, viewed through the lens of "equity and good conscience." *Id.* at 109.

[2] We have determined that the Republic is a necessary party in this proceeding. That determination appears to mean that for a just disposition of the assets it is necessary that the Republic participate. In ordinary speech, a necessary party would be an indispensable party. Rule 19(b), however, distinguishes between necessary and indispensable parties. Rule 19(b) indicates that indispensability must meet a higher standard than necessity. Only if equity and good conscience require it is a necessary party also indispensable.

In an appeal from the district court's dissolution of the stay, we came close to saying that the Republic was not indispensable. We said:

> the district court . . . held a hearing and entered findings of fact regarding the impact of the Philippine litigation and the propriety of going forward in the absence of necessary parties, *i.e.*, the Republic and PCGG. We conclude that [the] district court ultimately acted within the spirit of this court's mandate and properly exercised its discretion.

*Merrill Lynch v. Pimentel*, Nos. 03-16742, 03-16743, at 3-4 (9th Cir. Feb. 20, 2004) (per curiam). Pimentel argues that implicitly our decision found no parties to be absent but indispensable. We, however, were addressing only the decision to lift the stay. Our decision does not have res judicata effect on the question of indispensability here presented.

Accordingly, we must apply the factors set forth in Rule 19(b), in "the context of [this] particular litigation." *Provident Bank*, 390 U.S. at 118. The phrase "equity and good conscience" in our judicial usage is coterminous with the early opinions of the United States Supreme Court. *See Elmendorf v. Taylor*, 23 U.S. 152, 181 (1825). Undoubtedly in its earlier

usage, equity brought to mind a fairness sought by the chancery courts that transcended statutory law and "good conscience" referred to an interior moral arbiter regarded as the voice of God. As the phrase has become domesticated and invoked in modern times, *see Montana v. Crow Tribe of Indians*, 523 U.S. 696, 707 (1998), the distinction of its two elements has blurred, and it has a secular rather than religious cast. Still, its unique appearance in Rule 19 of the Federal Rules of Civil Procedure emphasizes the flexibility that a judge may find necessary in order to achieve fairness in the judge's choice of solutions, a choice to be marked by "mercy and practicality." *Hecht v. Bowles*, 321 U.S. 321, 329 (1944).

### Prejudice to the Republic

First, we must consider whether a judgment rendered in the absence of the Republic "might be prejudicial to [it] or to those already parties." Fed. R. Civ. P. 19(b). Following the example of the Supreme Court in conducting this analysis, *see Provident Bank* at 115-16, we consider the circumstances and practicalities of the Republic's claim.

[3] The general rule is that a sovereign need not forfeit its immunity to protect its assertion of indispensability. In the usual case of interpleader, the sovereign is immune and indispensable and so can cause dismissal of the action. This general rule has been developed in cases involving Indian tribes. For example in, *Makah Indian Tribe v. Verity*, 910 F.2d 555 (9th Cir. 1990), we held that where the Makah Indian Tribe sought a reallocation of fishing rights beyond a three-mile limit, any reallocation would affect the rights of 23 other Indian tribes whose sovereign immunity prevented them being made parties. Prejudice to these tribes was inevitable; no relief could be shaped and no adequate remedy could be given that would remove the prejudice. In equity and good conscience, the case had to be dismissed for want of indispensable parties. Similarly, in *Manybeads v. United States*, 209 F.3d 1164 (9th Cir. 2000), a difficult controversy had

been settled by an Accommodation Agreement entered into by the Hopi Tribe, the Navajo Nation and representatives of individual Navajos and by a Settlement Agreement reached between the Hopi Tribe and the United States. A few Navajos who were dissatisfied challenged the agreements in a suit directed against the United States. We ended the litigation by holding that the Hopi Tribe was an indispensable party because upsetting the agreement would inflict substantial monetary loss on the Hopi Tribe and affect its peaceful relations with the Navajo Nation. As a sovereign, the Hopi Tribe could not be subjected to the suit. Indispensable, it was absent and so put an end, in equity and good conscience, to the underlying litigation. A fortiori, when the sovereign is a foreign state, prejudice to it is a powerful consideration. However, under Rule 19, it is not the sole consideration.

[4] The Republic's right in the United States to reclaim the spoils of office from Marcos has been unquestioned since *Republic of the Philippines v. Marcos*, 862 F.2d 1355 (9th Cir. 1988) (en banc). The Republic has set up the PCGG to effect this end. It is now eighteen years since the 1988 decision and four years since we stayed this action. The shares of Arelma have been since 1995 in escrow at the Philippine National Bank. In all this time, the Republic has not obtained a judgment that the assets in dispute belong to it. We do not hold the Republic guilty of laches, but we do note as an equitable consideration that its failure to secure a judgment affecting these assets is a factor to be taken into account. *See Provident Bank*, 390 U.S. at 115.

[5] To protect a party as indispensable, Rule 19 requires "an 'interest' that will be impaired by the litigation 'as a practical matter.' " *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1023 (9th Cir. 2002). As a practical matter, it is doubtful that the Republic has any likelihood of recovering the Arelma assets. The res is in the United States. It cannot be finally disposed of except by the judgment of a court in the United States. We have been instructed by the example of the

Supreme Court to envisage how a lawsuit involving the assets in dispute would play out in the light of the decision made on interpleader. *See Provident Bank,* 390 U.S. 102 at 112-117. We do so now.

Scenario one: We dismiss this action. Pimentel sues Merrill Lynch in New York for the assets. The Republic intervenes, asserting its claim. The New York court holds the Republic barred by the six year statute of limitations. *See* N.Y. C.P.L.R. § 213. The court rejects the Republic's appeal to toll the statute when Marcos was in office, because Marcos left in 1986; the court also finds that the post-Marcos constitution of the Republic does not affect the New York limitation on actions. Pimentel takes the assets to the extent of his judgment. Scenario two: The plaintiff is the Republic. The Republic is time-barred. Pimentel intervenes and obtains the assets.

The Republic insists that it could obtain a judgment regarding the ownership of these assets in the Philippines, where it is relieved of any statute of limitations. But a court sitting in the Philippines would lack jurisdiction to issue a judgment *in rem* regarding the ownership of an asset located within the United States. If a Philippine court were to issue such a decree, a court of this country would not be bound to give it effect. *See Tchacosh Co. v. Rockwell Int'l,* 766 F.2d 1333, 1336 (9th Cir. 1985); *see also* Restatement (Third) of Foreign Relations § 482(2)(a) (1987).

Finally, we note that any judgment entered in this action cannot bind the Republic because it is not a party to the action. *See Idaho ex rel. Evans v. Oregon,* 444 U.S. 380, 386 (1980). Consequently, if we act here, the Republic would remain free to sue for the Arelma assets in a forum of its choice. True, unless it acts with alacrity, the assets may be distributed after judgment here and be beyond recapture. After the assets are distributed, the Republic might seek the equivalent of the assets from their present holder, Merrill Lynch, in New York where they were invested. But it would

be confronted with the New York statute of limitations of six years for its underlying claim. *See Stafford v. International Harvester Co.*, 668 F.2d 142, 147 (2d Cir. 1981); N.Y. C.P.L.R. § 213 (misappropriation of public property). Tolling by Marcos' time in office would not help it. The generous provision for recapture of the assets provided by the new constitution of the Philippines would not trump New York law. In practical effect, a judgment in this action will deprive the Republic of the Arelma assets.

*The Possibility of Protective Provisions*

Rule 19 (b) requires us to assess the opportunity for the court to use "protective provisions in the judgment" by which "the prejudice" to the absent party "can be lessened or avoided." Fed. R. Civ. P. 19(b). Because the Republic has little practical likelihood of obtaining the Arelma asserts, there is no need to lessen prejudice to it.

*Adequacy of Judgment and Availability of Alternative Forums*

**[6]** Under Rule 19(b), we are charged with determining whether "a judgment rendered in [the Republic's] absence will be adequate" and "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Fed. R. Civ. P. 19(b). We note the presence in this action of victims of the former president of the Republic. The class represented by Pimentel has secured a judgment against Marcos of almost $2 billion, which the assets in dispute will scarcely satisfy. Nonetheless, the symbolic significance of some tangible recovery is not to be disregarded, and if the recovery is distributed pro rata among the individuals, it will have monetary meaning for the poor among them.

The counter consideration, that most of the victims are citizens of the Philippines and should find redress from their own government, is outweighed by the fact that the Republic has not taken steps to compensate these persons who suffered out-

rage from the extra-legal acts of a man who was the president of the Republic. If we dismiss the action for nonjoinder of the Republic, they will have no forum within the Philippines open to their claims. They might sue again within the United States, perhaps in New York, yet such a suit would merely raise the same question of indispensability.

## Balancing of the Factors

[7] In terms of the four factors set out by Rule 19(b) as included among those "to be considered," the Republic will not be prejudiced because it has no practical likelihood of obtaining the Arelma assets and so there is no need of lessening prejudice to it; judgment rendered in its absence will be adequate; if we dismiss the action for nonjoinder of the Republic, Pimentel and Roxas will be required to sue again in New York, a needless repetition that will not benefit the Republic. No injustice is done it if it now loses what it can never effectually possess.

## The Claims of Arelma and the Philippine National Bank

[8] As the district court has determined, Arelma is a shell corporation, and the court may look through the corporate form to Marcos, the owner of its assets. *Chung v. Animal Clinic, Inc.*, 636 P.2d 721, 723 (Haw. 1981). Accordingly, neither Arelma itself nor the Philippine National Bank as escrow holder now have an interest to be protected. Merrill Lynch risks being sued again, but it has indicated no dissatisfaction with the judgment.

## The Claims of Roxas and Golden Budha

Roxas was a victim, too. His injury was suffered before the date used to determine the Pimentel class. The district court, however, found that Roxas had not proven that the assets in the Arelma account derived from any treasure stolen from him. Roxas contends that the district court erred in excluding

expert testimony regarding the source of the funds and in excluding depositions of fact witnesses from his earlier action against Marcos. We do not believe that the district court abused its discretion in either ruling. The expert failed to produce the report required by Fed. R. Civ. P. 26(a)(2), and the district court acted within its discretion in excluding his testimony. *See Yeti by Molly, Ltd. v. Deckers Outdoor Co.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001). As for the depositions, they were excludable as hearsay because the cross examination in the prior proceeding was not undertaken by a party with a "similar motive to develop the testimony." Fed. R. Evid. 804(b)(1). We agree with the district court that the record does not support a finding that the Arelma assets were stolen from Roxas.

As the district court held, Roxas' tort judgment is against Imelda Marcos personally. It does not bind the Marcos estate. Roxas has no claim to be satisfied here.

Accordingly, we AFFIRM the judgment of the district court.

INTERNAL USE ONLY: Proceedings include all events.
04-16401 Merrill Lynch, v. Arelna, Inc., et al

MERRILL LYNCH, PIERCE, FENNER          Jeffrey S. Portnoy, Esq.
AND SMITH, INCORPORATED, a             FAX 808/540-5040
corporation organized and              808/521-9200
existing under the laws of the         Suite 1100
State of Delaware with its             [COR LD NTC ret]
principal place of business in         CADES, SCHUTTE, FLEMING &
New York, New York                     WRIGHT
        Plaintiff - Appellee           1000 Bishop Street
                                       Honolulu, HI 96813

                                       A. Robert Pietrzak, Esq.
                                       212/839-5300
                                       [COR LD NTC ret]
                                       SIDLEY AUSTIN, LLP
                                       787 Seventh Avenue
                                       New York, NY 10019


     v.


ENC CORPORATION                        Andrew V. Beaman, Esq.
        Defendant                      808/528-8200
                                       900 Hawaii Tower
                                       [COR LD NTC ret]
                                       CHUN, KERR, DODD, BEAMAN & WONG
                                       745 Fort Street
                                       Honolulu, HI 96813


ARELMA, INC., a corporation            Barry A. Smith
organized and existing under           Suite 2400
the laws of Panama with a              [COR LD ret]
permanent address at Ave.              BUCHALTER NEMER FIELDS &
Justo Alosemena y Calle 41             YOUNGER, APC
Este, No. 40-59 Pte al Colegio         601 S. Figueroa St.
Immeculada, Panama 1.Rep.de            Los Angeles, CA 90017-5704
Panama, and a mailing address
at c/o Suntrust Invenstment            Carol A. Eblen, Esq.
Co.S.A., ru de Jargonnant 2,           808/547-5600
P.O. Box 76, 1211 Geneva 6,            18th Floor
Switzerland                            [COR LD NTC ret]
        Defendant - Appellant          Ali'i Place
                                       1099 Alakea Street
                                       Honolulu, HI 96813

                                       Jay R. Ziegler, Esq.
                                       FAX 213/896-0400
                                       213/891-0700
                                       Suite 1500
                                       [COR LD NTC ret]
                                       BUCHALER NEMER, PC
                                       1000 Wilshire Blvd.
                                       Los Angeles, CA 90017-2457


SUNTRUST INVESTMENT CO., S.A.,         William C. McCorriston, Esq.

INTERNAL USE ONLY: Proceedings include all events.
04-16401 Merrill Lynch, v. Arelna, Inc., et al

a corporation organized and
existing under the laws of
Switzerland with an address at
rue de Jargonnant 2, P.O. Box
76, 1211 Geneva 6, Switzerland
    Defendant

FAX 808-524-8293
808-529-7300
4th Floor
[COR LD NTC ret]
McCORRISTON MILLER MUKAI
MacKINNON LLP
Attorney at Law
Five Waterfront Plaza
500 Ala Moana Boulevard
Honolulu, HI 96813

JOHN K. BURNS, a citizen of
the United States, with an
address at 300 Wacker Drive,
Suite, 900, Chicago, Illinois,
60606; THE ESTATE OF FERDINAND
E. MARCO; IMELDA R. MARCO;
FERDINAND R. MARCO, JR.; MARIA
IMELDA MARCOS; IRENE MARCOS
ARANETA
    Defendant

FRONTIER RISK CAPITAL
MANAGEMENT, L.C.C., a limited
liability company organized
and existing under the laws of
the States of Nevada, with a
registered office at 6100 Neil
Road, Suite 500, Reno, NV.
89511 and an address at 300
Wacker Drive, Suite 900,
Chicago, IL 60606; GROSVENOR
CAPITAL LTD., a company
organized and existing under
the law of the United Kingdom,
with an address at Grosvenor
Gardens House, Suite 117, 35-
37 Grosvenor Gardens, London
SW1 W OBS, United Kingdom
    Defendant

THE ESTATE OF ROGER ROXAS
    Defendant

Daniel C. Cathcart, Esq.
FAX 310/785-9143
310/553-6630
Suite 810
[COR LD NTC ret]
MAGANA CATHCART & McCARTHY
1801 Avenue of the Stars
Los Angeles, CA 90067-5899

GOLDEN BUDHA CORPORATION, a
corporation organized and
existing under the laws of the
State of Georgia, with a

Daniel C. Cathcart, Esq.
(See above)
[COR LD NTC ret]

INTERNAL USE ONLY: Proceedings include all events.
04-16503 Merrill Lynch, v. Philippines, et al

MERRILL LYNCH, PIERCE, FENNER            Jeffrey S. Portnoy, Esq.
AND SMITH, INCORPORATED, a               FAX 808/540-5040
corporation organized and                808/521-9200
existing under the laws of the           Suite 1100
State of Delaware with its               [COR LD NTC ret]
principal place of business in           CADES, SCHUTTE, FLEMING &
New York, New York                       WRIGHT
        Plaintiff - Appellee             1000 Bishop Street
                                         Honolulu, HI 96813

                                         A. Robert Pietrzak, Esq.
                                         212/839-5300
                                         [COR LD NTC ret]
                                         SIDLEY AUSTIN, LLP
                                         787 Seventh Avenue
                                         New York, NY 10019


     v.


ENC CORPORATION                          Andrew V. Beaman, Esq.
        Defendant                        808/528-8200
                                         900 Hawaii Tower
                                         [COR LD ret]
                                         CHUN, KERR, DODD, BEAMAN & WONG
                                         745 Fort Street
                                         Honolulu, HI 96813


ARELMA, INC., a corporation              Barry A. Smith
organized and existing under             Suite 2400
the laws of Panama with a                [COR LD ret]
permanent address at Ave.                BUCHALTER NEMER FIELDS &
Justo Alosemena y Calle 41               YOUNGER, APC
Este, No. 40-59 Pte al Colegio           601 S. Figueroa St.
Immeculada, Panama 1.Rep.de              Los Angeles, CA 90017-5704
Panama, and a mailing address
at c/o Suntrust Invenstment              Carol A. Eblen, Esq.
Co.S.A., ru de Jargonnant 2,             808/547-5600
P.O. Box 76, 1211 Geneva 6,              18th Floor
Switzerland                              [COR LD ret]
        Defendant                        Ali'i Place
                                         1099 Alakea Street
                                         Honolulu, HI 96813


SUNTRUST INVESTMENT CO., S.A.,           William C. McCorriston, Esq.
a corporation organized and              FAX 808-524-8293
existing under the laws of               808-529-7300
Switzerland with an address at           4th Floor
rue de Jargonnant 2, P.O. Box            [COR LD ret]
76, 1211 Geneva 6, Switzerland           McCORRISTON MILLER MUKAI
        Defendant                        MacKINNON LLP
                                         Attorney at Law
                                         Five Waterfront Plaza
                                         500 Ala Moana Boulevard

INTERNAL USE ONLY: Proceedings include all events.
04-16538 Merrill Lynch, v. Estate of Roger, et al

MERRILL LYNCH, PIERCE, FENNER          Jeffrey S. Portnoy, Esq.
AND SMITH, INCORPORATED, a             FAX 808/540-5040
corporation organized and              808/521-9200
existing under the laws of the         Suite 1100
State of Delaware with its             [COR LD NTC ret]
principal place of business in         CADES, SCHUTTE, FLEMING &
New York, New York                     WRIGHT
        Plaintiff - Appellee           1000 Bishop Street
                                       Honolulu, HI 96813

                                       A. Robert Pietrzak, Esq.
                                       212/839-5300
                                       [COR LD NTC ret]
                                       SIDLEY AUSTIN, LLP
                                       787 Seventh Avenue
                                       New York, NY 10019


     v.


ENC CORPORATION                        Andrew V. Beaman, Esq.
        Defendant                      808/528-8200
                                       900 Hawaii Tower
                                       [COR LD ret]
                                       CHUN, KERR, DODD, BEAMAN & WONG
                                       745 Fort Street
                                       Honolulu, HI 96813


ARELMA, INC., a corporation            Barry A. Smith
organized and existing under           Suite 2400
the laws of Panama with a              [COR LD ret]
permanent address at Ave.              BUCHALTER NEMER FIELDS &
Justo Alosemena y Calle 41             YOUNGER, APC
Este, No. 40-59 Pte al Colegio         601 S. Figueroa St.
Immeculada, Panama 1.Rep.de            Los Angeles, CA 90017-5704
Panama, and a mailing address
at c/o Suntrust Invenstment            Carol A. Eblen, Esq.
Co.S.A., ru de Jargonnant 2,           808/547-5600
P.O. Box 76, 1211 Geneva 6,            18th Floor
Switzerland                            [COR LD ret]
        Defendant                      Ali'i Place
                                       1099 Alakea Street
                                       Honolulu, HI 96813


SUNTRUST INVESTMENT CO., S.A.,         William C. McCorriston, Esq.
a corporation organized and            FAX 808-524-8293
existing under the laws of             808-529-7300
Switzerland with an address at         4th Floor
rue de Jargonnant 2, P.O. Box          [COR LD ret]
76, 1211 Geneva 6, Switzerland         McCORRISTON MILLER MUKAI
        Defendant                      MacKINNON LLP
                                       Attorney at Law
                                       Five Waterfront Plaza
                                       500 Ala Moana Boulevard

INTERNAL USE ONLY: Proceedings include all events.
04-16538 Merrill Lynch, v. Estate of Roger, et al

                                    Honolulu, HI 96813

JOHN K. BURNS, a citizen of          Terry R. Grimm
the United States, with an           [COR LD ret]
address at 300 Wacker Drive,         WINSTON & STRAWN LLP
Suite, 900, Chicago, Illinois,       35 W. Wacker Dr.
60606; THE ESTATE OF FERDINAND       Chicago, IL 60601-9703
E. MARCO; IMELDA R. MARCO;
FERDINAND R. MARCO, JR.; MARIA
IMELDA MARCOS; IRENE MARCOS
ARANETA
      Defendant

FRONTIER RISK CAPITAL                Terry R. Grimm
MANAGEMENT, L.C.C., a limited        (See above)
liability company organized          [COR LD ret]
and existing under the laws of
the States of Nevada, with a
registered office at 6100 Neil
Road, Suite 500, Reno, NV.
89511 and an address at 300
Wacker Drive, Suite 900,
Chicago, IL 60606; GROSVENOR
CAPITAL LTD., a company
organized and existing under
the law of the United Kingdom,
with an address at Grosvenor
Gardens House, Suite 117, 35-
37 Grosvenor Gardens, London
SW1 W OBS, United Kingdom
      Defendant

THE ESTATE OF ROGER ROXAS            Alexander T. MacLaren, Esq.
      Defendant - Appellant          Suite 2450
                                     [COR LD NTC ret]
                                     1001 Bishop Street
                                     Honolulu, HI 96813

                                     Daniel C. Cathcart, Esq.
                                     FAX 310/785-9143
                                     310/553-6630
                                     Suite 810
                                     [COR LD NTC ret]
                                     MAGANA CATHCART & McCARTHY
                                     1801 Avenue of the Stars
                                     Los Angeles, CA 90067-5899

                                     Ward D. Jones, Esq.
                                     FAX 808/550-4991
                                     808/550-4990
                                     Suite 1400
                                     [COR LD ret]
                                     BERVAR & JONES
                                     1001 Bishop Street