Jay R. Ziegler (SBN: 54877)
Barry A. Smith (SBN: 48697)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: jziegler@buchalter.com

Carol A. Eblen (Bar No. 4508-0)
GOODSILL ANDERSON QUINN & STIFEL
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile:(808) 547-5879
Email: ceblen@goodsill.com

Attorneys for Defendants ARELMA S.A. and
PHILIPPINE NATIONAL BANK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>             Plaintiff,<br><br>     v.<br><br>ARELMA, INC., et al.,<br><br>             Defendants. | Case No. CVOO-00595 MLR<br><br>**STATUS CONFERENCE STATEMENT OF DEFENDANTS ARELMA, S.A. AND PHILIPPINE NATIONAL BANK**<br><br>Date:   September 10, 2008<br>Time:   10:00 a.m.<br>Judge:  Hon. Manuel L. Real |

2282681.1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

# STATUS CONFERENCE STATEMENT OF DEFENDANTS ARELMA, S.A. AND PHILIPPINE NATIONAL BANK

This action is an interpleader filed by Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") concerning assets previously held by Merrill Lynch in New York in an account in the name of Arelma, a Panamanian corporation. Merrill Lynch filed this action in the District Court in 2000 and thereafter deposited the assets in the Arelma account with the Clerk of the Court. The Amended Complaint named as defendants a number of parties who asserted claims to the assets. Those claimants include Arelma and Philippine National Bank ("PNB"). Arelma claims the interpleaded assets as their owner through its Board of Directors appointed by PNB, as escrow holder, following delivery to PNB of the bearer share certificates of Arelma pursuant to an order of the Swiss government. PNB claims the assets only on behalf of Arelma in its capacity as the shareholder of Arelma and the holder of a Power of Attorney executed by Arelma in favor of PNB.

In July 2004 the District Court entered a Judgment awarding the Arelma assets to defendant Mariano J. Pimentel ("Pimentel") whose claim was based on a money judgment in favor of a class of "human rights victims" against the Estate of Ferdinand E. Marcos in prior litigation in the District of Hawaii known as MDL No. 840. Arelma/PNB appealed from the Judgment, as did various other claimants, including Republic of the Philippines ("Republic") and its Presidential Commission on Good Government ("PCGG") (defendants who had been dismissed prior to

judgment following their assertion of sovereign immunity) and the Estate of Roger Roxas and Golden Budha Corporation ("Roxas/Golden Budha"). The three appeals were consolidated. Arelma/PNB moved the Court of Appeals for a stay of distribution of the interpleaded assets pending appeal. The parties then stipulated that the assets would be held by the District Court and would not be distributed until after disposition of the appeals.

The Judgment was initially affirmed by an opinion of the Court of Appeals filed in May 2006 and its Judgment entered in September 2006. The PCGG filed a Motion for stay of execution of the Judgment in the Ninth Circuit, which on June 22, 2006 issued an Order granting that motion and ordering that the District Court "… shall not transfer, distribute or otherwise dispose of any portion of the funds that are the subject of this interpleader action, nor shall any party to this action seek any such transfer, distribution or distribution, until the issuance of the mandate by this Court." A copy of the Court of Appeals' Order is attached as Exhibit 1.

Both Arelma/PNB and the Republic/PCGG filed petitions for writs of *certiorari* in the United States Supreme Court. The Supreme Court granted *certiorari* and on June 12, 2008 issued its Opinion in *Republic of the Philippines v. Pimentel*, 76 U.S.L.W. 4445 (U.S. June 12, 3008). A copy of the Slip Opinion is attached as Exhibit 2. The Court held that in affirming the District Court's Judgment the Court of Appeals erred in its indispensable party analysis under Rule

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

19(b) by "not giving the necessary weight to [the Republic/PCGG's] assertion of sovereign immunity". (Slip Opinion, p. 11.) Based on this error and its further analysis of Rule 19(b), the Court concluded "the action must be dismissed." (Slip Opinion, p. 20.) Thus, the Supreme Court's disposition was as follows:

> The judgment of the Court of Appeals for the Ninth Circuit is reversed, and the case is remanded with instructions to order the district court to dismiss the interpleader action. (Slip Opinion, p. 20.)

Consistent with this order on August 4, 2008 the Court of Appeals issued its mandate ordering that "the district court of the District of Hawaii is directed to dismiss the interpleader action." That Order, a copy of which is attached as Exhibit 3, was filed in the District Court on August 8, 2008. This Court then set a Status Conference for September 10, 2008 for the "filing and spreading" of the Court of Appeals' mandate.

Based on the foregoing, any further proceedings in this Court should not be controversial. The Court of Appeals' mandate is clear and specific: this Court is "directed to dismiss the interpleader action." The rule of mandate requires district courts to follow the orders of the appellate court. Specifically, a district court cannot refuse to dismiss a case when the mandate requires it. (*See U.S. v. Cote* (9th Cir. 1995) 51 F.3d 178, 181.) Indeed, the rule of mandate is jurisdictional. (*U.S. v. Thrasher* (9th Cir. 2007) 483 F.3d 977, 981-982.) In executing the mandate the district court "… cannot vary it, or examine it for any other purpose than execution;

… But the [district court] may consider and decide any matters left open by the mandate…" *In re Sanford Fork & Tool Co.* (1895) 160 U.S. 247, 255-256. However, any post-mandate conduct of the lower court cannot be "inconsistent with either the spirit or express terms of our decision." (*Quern v. Jordan* (1979) 440 U.S. 332, 347 n. 18.)

It follows that the only matter left open after a dismissal of this interpleader is to direct the return to Merrill Lynch of the interpleaded assets it deposited with the Clerk of this Court. With a dismissal of the action there is no reason for the Clerk to retain custody of the assets and there is no other party to whom the assets can conceivably be delivered other than Merrill Lynch who had possession of them immediately prior to the filing of the action and who deposited them with the Clerk for purposes of its interpleader. (see 28 U.S.C. § 1335(a)(1).) Where an interpleader action is dismissed, the district court must direct the clerk to return the deposit to the interpleading party. (*Francis I. du Pont & Co. v. O'Keefe* (7th Cir. 1966) 365 F.2d 141, 143.) Here, any disposition of the assets other than to return them to Merrill Lynch would be contrary to the Supreme Court's decision, which confirmed that the District Court had no power to dispose of them in the absence of the Republic/PCGG.

Notwithstanding the dismissal of this action and return of the assets to Merrill Lynch, Arelma/PNB continues to assert their claim to those assets on the same grounds that they have throughout the course of this litigation. Specifically,

the position of Arelma/PNB that the assets be returned to Merrill Lynch is without prejudice to their claim to the assets.

DATE:  Honolulu, Hawaii, August 28, 2008.


/s/ Carol A. Eblen
JAY R. ZIEGLER
BARRY A. SMITH
CAROL A. EBLEN

Attorneys for Defendants
ARELMA S.A. and PHILIPPINE NATIONAL BANK

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES